UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AMIN LAKHANI,
    Plaintiff,
vs.

1300 BRICKELL MIAMI, LLC,
    Defendant.

## COMPLAINT

Plaintiff, AMIN LAKHANI (hereinafter "Plaintiff"), by and through his undersigned counsel, hereby files his Complaint and sues the Defendant, 1300 BRICKELL MIAMI, LLC (hereinafter "Defendant"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

## JURISDICTION & VENUE

**1.** This Court has original jurisdiction over this action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq.*, based upon Defendant's violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a restaurant located on or about 1300 S Miami Ave, Miami, FL 33130 (hereinafter "Subject Premises") known as Ahu Mar.

**3.** All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

## PARTIES

**4.** Plaintiff, AMIN LAKHANI, is a resident of the State of Florida, is *sui juris*, and is a qualified individual under the ADA and the FACBC—who has been intentionally denied access to the Subject Premises due to Defendant's violations of the ADA as set forth more fully

herein, and who will continue to be intentionally denied such access without the injunctive relief requested herein.

5. Mr. Lakhani is limited in one or more major life activities and requires a wheelchair to ambulate as he has been diagnosed with Type 1B Hereditary Motor & Sensory Neuropathy, which is also known as Charcot-Marie-Tooth Disorder.

6. Despite the physical limitations to which Mr. Lakhani is subjected as a result of his disability, he strives to lead a full life, frequently travels, dines out, and is also an actively social, independent, and highly educated, individual. Mr. Lakhani traveled internationally throughout his life both before and after requiring a wheelchair to ambulate at the age of 15. Since the age of 15, he has traveled frequently through the United States, and also to Singapore, France, and Mexico.

7. Mr. Lakhani also attended a highly selective dual degree program at the University of Pennsylvania, an Ivy League Institution, where he received degrees in Economics and Computer Science. Mr. Lakhani is very social, highly involved in his community, offers dating-coaching through his website and social media, and is highly involved in social activism.

8. Mr. Lakhani resides within close proximity (about 0.2 miles) to the Subject Premises.

9. Mr. Lakhani states with all certainty that he will frequently return to the Subject Premises once the architectural barriers to access and discriminatory policies and procedures violating the ADA and the FACBC are no longer present – especially considering how close in proximity the restaurant is to his residence.

10. Mr. Lakhani looks forward to revisiting Subject Premises once the barriers to access have been remediatied to partake in the full and equal enjoyment of the food and services

offered to the general public by this Subject Premises. However, Plaintiff is deterred from returning so long as the discriminatory barriers and policies described herein continue to exist at the subject property.

11. Mr. Lakhani has visited and patronized the Subject Premises, which forms the basis of this lawsuit, and plans to return to Ahu Mar, not only to avail him of the goods and services offered to the public at the Subject Premises, but also to determine whether the Subject Premises has been remedied to be ADA compliant and maintained in ADA compliance.

12. Independent of his personal desire to access this place of public accommodation as required by law, Mr. Lakhani is an advocate of the rights of similarly situated persons with disabilities and an advocate for asserting his own civil rights.

13. In this instance, Plaintiff, in his individual capacity, visited the Subject Property, encountered barriers to access at the Subject Premises, was compelled to engage those barriers, suffered the resulting legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access including the ADA regulatory violations set forth herein below and the resulting discrimination, difficulty, frustration, and social embarassment

14. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register to implement the requirements of the ADA. Public accommodations were required to conform to these regulations on or before March 15, 2012.[1]

---

[1] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specification for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

15. Because, *inter alia,* this Subject Premises was designed, constructed, and received its Certificate of Occupancy/State Licensure on December 2023, Plaintiff asserts that said ADA violations are intentional in nature and will not be corrected absent Court intervention, thus exacerbating the intentional legal harm and injury to which Mr. Lakhani has been and will continue to be subjected in the future.

16. Defendant, 1300 BRICKELL MIAMI, LLC, is a limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district.

17. Pursuant to the Miami-Dade Property Appraiser's Office, Defendant, 1300 BRICKELL MIAMI, LLC, is the owner and/or operator/manager of the real property located on or 1300 S Miami Ave, Miami, FL 33130 ("Subject Premises").

18. Further, according to the Florida Department of Business and Professional Regulation, the Defendant, 1300 BRICKELL MIAMI, LLC, is the only entity with any licenses to do business as either a restaurant, bar, and/or hotel at the Subject Premises, including the Ahu Mar restaurant which is the subject of this action

19. The Defendant's Subject Premises, as a restaurant, is a public accommodation and service establishment, and although required by law to do so, the Defendant's restaurant was not designed, constructed, or opened in compliance with the ADA and ADAAG, and the Defendant continues to operate the restaurant in non-compliance with the ADA and ADAAG

20. In this instance, Mr. Lakhani visited the Subject Premises and encountered barriers to access at the Subject Premises, and engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access and Defendant's ADA violations set forth herein—unless and until the Defendant's are compelled by the Court to remediate the barriers to access at the Subject Premises.

21. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Subject Premises and the actions or inactions described herein.

22. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

## FACTUAL ALLEGATIONS AND CLAIM

23. Mr. Lakhani has attempted to and has, to the extent possible, accessed the Subject Premises on October 28, 2024, but could not do so as a disabled individual due to the physical barriers to access, dangerous conditions, and ADA violations that exist at the Subject Premises that restrict and/or limit his access to the Subject Premises and/or the goods, services, facilities, privileges, advantages, and/or accommodations offered therein, including those barriers, conditions, and ADA violations more specifically set forth in this Complaint.

24. With Ahu Mar being less than a quarter mile from Plaintiff's home and offering a luxury rooftop dining experience and easily being one of the best Italian restaurants in the area, Mr. Lakhani will certainly visit the Subject Premises again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the Subject Premises, but will be unable to do so or restricted in his access to the Subject Premises because of his disability, due to the physical barriers to access, dangerous conditions, and ADA violations that exist at the Subject Premises that restrict and/or limit his access to the Subject Premises and/or accommodations offered therein, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

25. Defendants have discriminated against Mr. Lakhani and others with disabilities by denying access to and/or full and equal enjoyment of the goods, services, facilities, privileges,

advantages, and/or accommodations of the Subject Premises, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Subject Premises, including those specifically set forth herein, and make the Subject Premises accessible to and usable by persons with disabilities, including Plaintiff.

26. Defendants have discriminated against Mr. Lakhani by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the Subject Premises and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations of the Subject Premises include the following:

### Bar

i. **No Lower Portion of Counter Provided**

The bar does not provide a lower portion of the counter, preventing wheelchair users, such as Plaintiff, from accessing it comfortably or at all. This is a violation of Section 902.3 of the 2010 ADA Standards. Adding a compliant lower counter is readily achievable.

### Interior and Exterior Seating

ii. **Insufficient Knee Clearance at Tables**

Tables in the interior and exterior seating areas do not provide the required knee clearance, and the table base encroaches on the required clear floor space. This makes it difficult for wheelchair, such as Plaintiff, users to pull up to the table comfortably. This is a violation of Section 902.2 of the 2010 ADA Standards. Modifying the tables is readily achievable.

27. The above listing is not to be considered all-inclusive of the barriers, conditions, or violations encountered by Plaintiff and/or which exist at the Subject Premises—as naturally,

Plaintiff in encountering the initial barriers to access was restricted from accessing all parts of the Subject Premises.

28. It is in the best interest of all Parties that an inspection of the entire Subject Premises be completed to identify and create a plan to remediate the entire Subject Premises. This would be in the best interest of Plaintiff and other disabled individuals as it would prevent any future discrimination based on disability. This would be in the best interest of Defendant as it would allow Defendant to efficiently and cost effectively identify all barriers to access and remediate the same without the need for Defendant to be potentially subject to additional ADA lawsuits. For these reasons, it is in the best interests of all Parties to this action thatan inspection of the entire Subject Premises be completed in order to determine all of the discriminatory acts violating the ADA, including specifically those barriers to access concealed when Mr. Lakhani encountered and observed the initial barriers to access detailed above.

29. Mr. Lakhani has attempted to gain access to the Subject Premises, but because of his disability, he has been denied access to and has been denied the benefits of services, programs, and activities of the Subject Premises, and has otherwise been discriminated against and damaged by Defendant because of the physical barriers, dangerous conditions, and ADA violations set forth above, and expects to be discriminated against in the future, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

30. Mr. Lakhani, independent of his personal desire to have access to this place of public accommodation free of illegal barriers to access, is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in

compliance with the ADA. Separately and independently from other subsequent visits, Plaintiff also intends to visit the Premises regularly to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the Premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester", visited the Premises, encountered barriers to access at the Premises, engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the violations of the ADA set forth herein. It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

31. Mr. Lakhani, both in his personal capacity and in his capacity as a "tester", will absolutely return to the Premises when Defendant modifies the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities, not only to confirm said modifications have been completed in accordance with the requirements of the ADA, but also to ensure that the Subject Premises is maintained and remains in compliance with the ADA.

32. The removal of the physical barriers, dangerous conditions, and ADA violations set forth herein is readily achievable and technically feasible and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

33. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Subject Premises, including those set forth herein.

34. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendant pursuant to 42 U.S.C., §§ 12205 and 12217.

35. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant the injunctive relief which Plaintiff is seeking, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA and closing the Subject Premises until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 55873)
*Attorney for Plaintiff*
Glenn R. Goldstein & Associates, PLLC
8101 Biscayne Blvd., Ste. 504
Miami, Florida 33138
(561) 573 2106
GGoldstein@G2Legal.net